UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZUHAIR MAHMOUD,

    Plaintiff,

       v.

LIBRARY OF CONGRESS, *et al.*,

    Defendants.

Civil Action No. 20-1935 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Zuhair Mahmoud is a blind information-technology specialist working at the U.S. Library of Congress. His suit alleges that the Library violated the Rehabilitation Act by both refusing him reasonable accommodations related to the adoption of new software platforms that functioned poorly for those without sight and then retaliating against him. In now moving for partial dismissal, the Government contends that Mahmoud failed to exhaust his administrative remedies for certain claims. As the Court agrees, it will grant the Motion and prune this suit back considerably.

**I.**    **Background**

Assuming the facts in the Complaint are true, as it must at this stage, the Court begins with some fundamentals. Mahmoud brought this action against the Library, Librarian Carla Hayden, and Chief Information Officer Bernard Barton. He has worked at the Library's Office of the Chief Information Officer (CIO) since 2010, and he uses a screen reader to access his computer. See ECF No. 1 (Compl.), ¶ 1. "In 2015, the Library of Congress purchased and installed a collaboration and sharing platform from a company called Atlassian . . . consisting of two applications . . . which are not compatible with his screen-reader software." Id., ¶ 2.

1

Plaintiff subsequently made requests for reasonable accommodations over the years, but they were all refused. Id., ¶ 4. "In what appears to be a retaliation against plaintiff for not supporting the organization's adoption of the Atlassian platform[,] . . . defendants took away plaintiff's responsibilities, assigned him to a team in a different building without the necessary tools to work with his colleagues and left him with very little meaningful work." Id., ¶ 5. He was subsequently reassigned to different teams in 2018 and 2020, and he "was deliberately excluded from team meetings, team training and relevant discussions about Accessability [sic] at the Library." Id., ¶ 48. "Plaintiff contends that this [was] due to his outspokenness about the inaccessibility of the Atlassian platform and his repeated requests for reasonable accommodations." Id.

While Mahmoud never delineated specific counts in his Complaint, he explained in a section entitled "Summary of Violations" that he was relying on the Rehabilitation Act and alleging that "[t]he Library failed to provide plaintiff with reasonable accommodations on at least three occasions: in 2016 when the platform was initially installed, in 2018 when he was reassigned to the QA team, and in 2020 when he was assigned to the UX And Design Team." Id. at 13 & ¶ 54. He also alleges that "[s]idelining plaintiff, taking away his duties, disinviting him from team meetings and excluding him from participating in discussions within his area of expertise is a direct retaliation for his outspokenness about the inaccessibility of the Atlassian platform." Id., ¶ 56.

Defendants now move to dismiss all claims except those related to the 2020 reassignment for failure to exhaust administrative remedies.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, LLC v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005).

**III.    Analysis**

As Mahmoud asserts claims under the Rehabilitation Act for both failure to provide a reasonable accommodation and for retaliation, the Court considers each separately.

    A.     Reasonable Accommodations

In alleging that the Library refused to accommodate him, Plaintiff specifically cites to three dates: 2016, 2018, and 2020. See Compl., ¶ 54. Defendants now seek dismissal of any claim related to the first two largely on exhaustion grounds. As a preliminary issue, they correctly note that Mahmoud cannot even bring a Rehabilitation Act claim against them for any 2016 event because only in 2018 did Congress include Library employees among those who could sue under that statute. See ECF No. 7 (Def. MTD) (citing Congressional Accountability

3

Act's amendment in March 2018 to cover Rehabilitation Act claims brought by Library employees). As Plaintiff is *pro se*, however, the Court will assume that he meant to sue for that event under the related Americans with Disabilities Act, which the Government acknowledges did apply to the Library in 2016. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (where action brought by *pro se* plaintiff, court must construe his filings liberally and hold complaint to "less stringent standards than formal pleadings drafted by lawyers").

Yet, even so construing his Complaint, Mahmoud is out of luck given his neglect to exhaust either his 2016 or 2018 reasonable-accommodations complaint. It is clear that the Congressional Accountability Act, which permits application of the ADA and Rehabilitation Act to employees of the Library, see 2 U.S.C. § 1301 *et seq.*, requires exhaustion as a prerequisite to bringing suit under either statute. Blackmon-Malloy v. U.S. Capitol Police Board, 575 F.3d 699, 701 (D.C. Cir. 2009). Under the applicable version of the CAA, such exhaustion is satisfied by engaging in a three-step administrative process that starts with the Office of Congressional Workplace Rights. See, e.g., Kabakova v. Office of Architect of Capitol, 2020 WL 1866003, at *7 (D.D.C. Apr. 14, 2020). This process, furthermore, is a jurisdictional prerequisite. Blackmon-Malloy, 575 F.3d at 701-02. Dismissal under Rule 12(b)(1) is thus appropriate.

In his Opposition, Plaintiff spends almost all his time explaining why he has sufficiently articulated the elements of a Rehabilitation Act claim, see ECF No. 12 (Pl. Opp.) at ECF pp. 6-9, yet that is not in dispute here. The only rejoinder he musters on exhaustion is to state: "Whereas Defendants view Plaintiff's complaint as consisting of 3 discrete events in which he requested (and was denied) reasonable accommodations, Plaintiff argues that the alleged violations stemmed from a single event which went on for five years – namely the purchase, installation and dependence on a system known to be incompatible with his screen reader." Id. at ECF p. 5.

4

The difficulty with this position is twofold.  First, Defendants' mere installation of a particular system is not a violation of the Rehabilitation Act, absent a request for reasonable accommodations.  Second, even if he had alleged that the failure to accommodate had not been limited to three instances and had somehow continued for five years, he would still not be excused from exhaustion requirements.  This is because a "continuing violation" type of claim -- *e.g.*, a claim for a hostile work environment -- is not available here since any decision not to accommodate is a discrete act that must be separately exhausted.  See Koch v. White, 134 F. Supp. 3d 158, 166 (D.D.C. 2015) (holding that continuing-violation doctrine did not apply to failure-to-accommodate claims).

Mahmoud may thus proceed only on his 2020 failure-to-accommodate claim, which he did exhaust.

### B.     Retaliation

Plaintiff next alleges that Defendants retaliated against him by, for example, sidelining him from certain projects and excluding him from team meetings.  The first flaw in such an allegation is that, at least according to the Complaint's "Summary of Violations," such retaliation occurred because of "his outspokenness about the inaccessibility of the Atlassian platform." Compl., ¶ 56.  Yet, that does not constitute a violation of the Rehabilitation Act; on the contrary, retaliation thereunder occurs only where it responds to protected activity  *e.g.*, filing a complaint about discrimination or seeking a reasonable accommodation.  See Solomon v. Vilsack, 763 F.3d 1, 14-15 (D.C. Cir. 2014) (holding that seeking reasonable accommodation qualifies as protected activity under Rehabilitation Act).

Once again construing the Complaint more liberally, the Court nonetheless notes that earlier in that pleading, Plaintiff does attribute the retaliation to "his repeated requests for

5

reasonable accommodations." Compl., ¶ 48. That would be sufficient. This claim, however, also founders on the shoals of exhaustion. As this Court has previously explained in a retaliation case, "Federal employees may file a Title VII or Rehabilitation Act action in federal court only after exhausting their administrative remedies before the relevant federal agency for each allegedly discriminatory act." Mahoney v. Donovan, 824 F. Supp. 2d 49, 58 (D.D.C. 2011). As with his claim for failure to accommodate, Mahmoud never contends that he exhausted his administrative remedies for any retaliation claim prior to 2020. That is thus the only one that survives.

**IV.   Conclusion**

For the foregoing reasons, the Court will grant the Motion and dismiss all claims unrelated to Plaintiff's March 18, 2020, administrative complaint. A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  February 9, 2021